UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE CONNER,

Plaintiff,

v.

CREASY, et al.,

Defendants.

CAUSE NO. 3:22-CV-761-JD-JEM

OPINION AND ORDER

Willie Conner, a prisoner without a lawyer, was ordered to file a second amended complaint because his amended complaint failed to state any claims for which relief can be granted. *See* ECF 25 & ECF 30. He filed his second amended complaint on July 22, 2024. ECF 33. As required by 28 U.S.C. § 1915A, the court must screen the second amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). Because Conner is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The allegations in Conner's second amended complaint are exceedingly sparse. He states, in full:

> My initial complaint shows that defendant Jacqueline Salyer violated my right under Indiana Code 11-11-5-5(a)(1) which is a state created federal liberty interest. *Jenner v. Nikolas*, 828 F.3d 713. My initial and amendment complaint shows that defendants were vindictive toward me in violation of *Brown v. Wyo. Dep't of Corr. State Penitentiary Warden*, 234 Fed. Appx. 874. Also, this is a miscarriage of justice (actual innocence) which is not barred by *Heck*.

ECF 33 at 2. He has sued Captain John Creasy, Deputy Warden Kenneth Watts, and Disciplinary Hearing Officer Jacqueline Salyer for "everything I asked for already. Also getting my conduct overturned. Everything in original complaint." *Id*. at 4.

As an initial matter, Conner's references to his prior complaint(s) do not add anything to the substance of his second amended complaint because he cannot amend it in a piecemeal fashion. *See e.g., Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."); *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009) (an amended complaint will supersede all earlier pleadings and control the case from that point forward).[1] The second amended complaint, as written, is vague and does not state any plausible claims.

[1] The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1.

Moreover, even if the court considered the new allegations above in conjunction with those in his prior amended complaint, he has not stated a claim. As set forth in the court's screening order, Conner alleged the following facts:

> Captain John Creasy searched [Conner's] cell at the Westville Correctional Facility on July 29, 2022, to look for contraband as a way to get him removed from the facility. Captain Creasy found a "piece of paper which he claimed had a[n] unknown substance on it and a pen he claimed, 'smelled of smoke.'" ECF 25 at 3. Conner told Captain Creasy the items weren't his and belonged instead to his cellmate Cain. However, Captain Creasy still wrote Conner a conduct report for possession of a controlled substance. That same day, Intelligence Officer Sharon Hert tested the items with a mobile device and found them to be negative for "intoxicants." *Id*. She concluded, "The ink pen tube had tobacco stains and a strong tobacco odor," although no specific test was performed for tobacco. *Id*. On August 5, 2022, the conduct report was screened by Disciplinary Screening Officer Anissa Porter. Creasy pled not guilty and checked the box indicating he wished to have at least 24 hours to prepare for the hearing.
>
> Less than an hour after the screening report was issued, Disciplinary Hearing Officer Jacqueline Salyer conducted the hearing. Conner protested due to the short timeframe. During the hearing, Conner presented Inmate Cain's written statement that the contraband belonged to him. DHO Salyer "ignored this admission" and found Conner guilty. *Id*. at 4. Conner appealed, but Deputy Warden Kenneth Watts denied the appeal finding, "no procedural or due process errors are noted." *Id*.

ECF 30 at 1–2. The court noted that while Conner took issue with various aspects of the disciplinary process, he had not alleged he was ultimately deprived of any sort of protected liberty interest, which foreclosed any Fourteenth Amendment due process claims. *Id*. at 3–4.[2] Conner's current reference to Indiana Code 11-11-

[2] "In fact, the report of disciplinary hearing attached to his complaint indicates he only received a written reprimand which stated, "Do not poss. tobacco." ECF 25-1 at 8; *see also id*. at 8 (letter from Deputy Warden re: Disciplinary Hearing Appeal stating, "Since there was no grievous loss involved, this is your final level of appeal.")." ECF 30 at 4. Being prevented from possessing tobacco in prison does not violate the Constitution. *See Fiorentino v. Biershbach*, 64 Fed. Appx. 550, 552 (7th Cir. 2003) (dismissal affirmed because plaintiff's allegations that he was "deprived of various rights and privileges enjoyed by the

5-5(a)(1), the statutory correctional standards and procedures for disciplinary actions and hearings, does not change that finding. *See id*. at 3 (citing *Sandin v. Conne*r, 515 U.S. 472, 484 (1995) and *White v. Scott*, 849 F. App'x 606, 608 (7th Cir. 2021) (inmates have no liberty interesting in avoiding restrictions "that do not substantially worsen the conditions of confinement.")).[3]

Regarding the search of his cell by Captain Creasy, the court previously determined he hadn't stated a Fourth or Eighth Amendment claim. *See* ECF 30 at 4–6 (citing *Henry v. Hulett*, 969 F.3d 769, 777 (7th Cir. 2020) and *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). In his second amended complaint, Conner again claims that the defendants were "vindictive toward me," but he doesn't provide a single additional detail to support that claim. The court's previous screening order specifically addressed Conner's vindictiveness claim as follows:

> Conner vaguely alleges Captain Creasy searched his cell 'vindictively' as a 'way to get Plaintiff removed from his facility' because he was having unspecified 'issues' with unnamed staff members and had filed numerous grievances. ECF 25 at 3. These sparse allegations don't state a plausible claim of retaliation under the First Amendment. *See e.g., Szymankiewicz v. Doying*, 187 Fed. Appx. 618, 622 (7th Cir. 2006) (noting that neither the 'mere fact' that a prisoner was disciplined nor 'unsupported speculation and conjecture about the defendants' motives' demonstrates First

general prison population such as smoking, watching TV, listening to the radio, using the telephone, accessing the law library, and participating in recreational and religious programs" did not constitute a protected liberty interest).

[3] Conner's citation to *Jenner v. Nikolas*, 828 F.3d 713 (8th Cir. 2016) is similarly misplaced, as that case addressed the issue of parole hearings and concluded that inmates do not have a "protected, federal due process right to parole" nor "a protected liberty interest in [the] statutory right to a parole hearing." *Id*. at 716–17.

> Amendment retaliation); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law.") (emphasis in original).

ECF 30 at 6, n.3. Nothing in the second amended complaint changes that analysis or the conclusion that he failed to state a plausible First Amendment claim.[4]

For these reasons, the court DISMISSES this case with prejudice pursuant to 28 U.S.C. § 1915A because the second amended complaint does not state any claims for which relief can be granted.

SO ORDERED on July 24, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

[4] The case he cites to without elaboration—*Brown v. Wyo. Dep't of Corr. State Penitentiary Warden*, 234 Fed. Appx. 874 (10th Cir. 2007)—involved the denial of a 28 U.S.C. § 2241 petition, in which the inmate claimed he had been subject to vindictive prosecution. *Id.* at 877–78. There, the court noted "a prisoner claiming retaliation must allege specific facts showing retaliation [on account] of the exercise of the prisoner's constitutional rights, and he must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Id.* (internal quotation marks and citations omitted). In *Brown*, the court concluded that he had not met that standard. Conner's vague claims fail as well.